ORDERED in the Southern District of Florida on  Dec 10, 2009

_____
Laurel Myerson Isicoff, Judge
United States Bankruptcy Court

# UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF FLORIDA
### Miami Division

IN RE:                                                                Chapter 7
                                                                     Involuntary Petition

NEVIN KAREY SHAPIRO                                                  Case No. 09-36418-BKC-LMI

         Debtor.
_____/

### ORDER GRANTING PETITIONING CREDITORS'
### MOTION FOR APPOINTMENT OF INTERIM TRUSTEE

On December 10, 2009, the Court conducted a hearing on the Petitioning Creditors' (1) Motion for the Appointment of an Interim Trustee and (2) Motion Pursuant to Rule 1015(b) of the Federal Rules of Bankruptcy Procedure for Order Directing Joint Administration of Cases. This order addresses only the request for appointment of an interim trustee, and the other relief requested shall be dealt with by separate order. With respect to the motion for an interim trustee, the Court has considered the motion and attachments thereto, [~~the response of Nevin Karey Shapiro ("Shapiro")~~] ^the proffer of testimony recited by Petitioning Creditors' counsel and exhibits admitted into evidence, the absence of opposition by the alleged debtor (who appeared through counsel) to the motion or the proffer,

~~to the motion~~, the arguments of counsel, the record in this case, and relevant authorities, and being duly advised, it is —

**ORDERED** as follows:

1. The Court, finding it necessary to preserve the property of the estate or to prevent loss to the estate, hereby directs the appointment of an interim trustee pursuant to 11 U.S.C. § 303(g) and Fed.R.Bankr.P. 2001.

[handwritten: *this order is without prejudice to*]

2. In the particular circumstances and on the record of this case, the Court finds that ~~a $10,000~~ no bond is necessary under Fed.R.Bankr.P. 2001(b). [handwritten: *However, alleged Debtor is not barred to seek a bond at a later date*].

3. ~~Pursuant to Fed.R.Bankr.P. 2001(c), the Court finds the appointment necessary for the reasons stated on the record, including without limitation that Shapiro failed to appear to testify regarding his assets and liabilities and that there is a substantial risk of dissipation.~~

3.~~4~~. Pursuant to Fed.R.Bankr.P. 2001(c), the trustee shall have the duties as specified in 11 U.S.C. § 303(g) to take possession of the property of the estate and to operate any business of the debtor pending disposition of the involuntary petition.

###

2

CASE NO. 09-36418 BKC-LMI
INVOLUNTARY CHAPTER 7

Submitted by:
**KOZYAK TROPIN & THROCKMORTON, P.A.**
David L. Rosendorf (Florida Bar No. 996823)
2525 Ponce de Leon Boulevard, 9th Floor
Coral Gables, Florida 33134
Tel: (305) 372-1800
Fax: (305) 372-3508

*Counsel to Petitioning Creditors*

COPIES FURNISHED TO:
David L. Rosendorf, Esq.
[Attorney Rosendorf is directed to serve copies of this order on all interested parties and to file a certificate of service]

3